## MASSEY v. DAVENPORT.

A will provided as follows: "I will and bequeath unto my children, herein named, after my decease and interment and the payment of all just debts, viz., M., A., E., B., and I., all my estate, real, personal, and all residue, to have, to hold, and to use for their benefit during the single life of M., A., and E., my daughters, and till my sons, B. and I., are of age. I further will and devise that as the within named sons shall become of age and the daughters marry, their respective interests in possession shall revert to the daughters remaining unmarried, so long as the said unmarried daughters shall choose to remain on the premises. I further will and devise that at the majority or marriage of all the within children named, my property shall be sold and equally divided among all my children and their bodily heirs or living issue of those deceased, if any there be." *Held,* that the word "or" in the last sentence was used in the sense of "and," and that partition could not be demanded while A. resided on the place and remained unmarried.

Before FRASER, J., Greenville, July, 1884.

The opinion states the case.

*Messrs. Stokes & Irvine,* for appellants.

*Mr. W. H. Perry,* contra.

September 28, 1885. The opinion of the court was delivered by

MR. JUSTICE MCGOWAN. *Tabitha Davenport* departed this life leaving a will, which, among other things, devised as follows: "First. I will and bequeath to my children herein named, after my decease and interment and the payment of all just debts, namely, Mahala Ashmore, Amanda Davenport, Micajah Berry Davenport, Isaac Perry Davenport, and Emma Davenport, all my estate, real, personal, and all residue, to have, to hold, and to use for their benefit *during the single life of Mahala Ashmore, Amanda Davenport, and Emma Davenport,* my daughters, *and* till my sons, Micajah and Isaac, are of age. I further will and devise that as the within named sons come of·age *and* the daughters marry, their

respective interest in possession shall revert to the daughters remaining unmarried, so long as the said unmarried daughters shall choose to remain on the premises. I further will and devise that at the majority *or* marriage of all the within children named, my property shall be sold and equally divided among my children and their bodily heirs," &c.

The testatrix owned no property except a tract of land, and upon it the daughter Amanda resides, being still unmarried. All the children attained their majority, and two of them, the plaintiffs, instituted this proceeding for the sale and division of the proceeds of the land, alleging that the time indicated by the will for such sale and division had arrived. This was denied, and the single question was as to the construction of the will, whether it was the intention of the testatrix that the land should be sold and divided as soon as all of the children came of age, or not until *the daughters were all married also.* Judge Fraser held that Amanda, being still unmarried and living as a single woman upon the land, it was not as yet subject to partition, and dismissed the complaint.

The plaintiffs appeal upon the following grounds: I. Because it is respectfully submitted that his honor erred in holding that, as Amanda Davenport is still unmarried and remains upon the land, it is not subject to partition. II. Because his honor erred in holding that, although the children are all of age, yet the land is not subject to partition now. III. That the intention of the testatrix, as expressed in her will and gathered from a proper construction of that instrument, was that said land should be sold and the proceeds divided among the children when the youngest attained the age of twenty-one years."

If there was no other provision in the will but that contained in the first paragraph, we suppose that there could be no doubt about the proper construction. It there appears that the testatrix did not mean that the land should be sold and the proceeds divided as soon as the sons came of age, for she directed that as they came of age their respective shares should "*revert* to the daughters remaining unmarried as long as the said unmarried daughters shall choose to remain on the premises." The words "unmarried daughters" undoubtedly embraced a single daughter.

The only seeming obstacle in the way of this obvious construction is the supplemental provision, "And I further will and devise that at the majority *or* marriage of all the children named, my property shall be sold and equally divided among all my children," &c.

It is contended that the use of the word "or" in this latter provision shows that it was the intention of the testatrix that the land could be sold and proceeds divided *either* upon the majority *or* marriage of all the children. Taking the whole will together, however, we do not regard this as the proper construction. It will be observed that there is only one provision in the will, that in reference to the land. The first part of the provision gives the use of the land to certain of the children of testatrix *"during the single life of Mahala Ashmore and Amanda and Emma Davenport,* and as the sons named should come of age and the daughters marry, their shares should revert" to the daughters remaining unmarried; and then in the second part goes on to provide for the sale and division of the land.

Most naturally the intention was that the sale and division should be at the time and under the circumstances indicated in the first part—that is to say, after keeping the land unsold for the use of the daughters so long as any of them remained unmarried. But in the effort to make the different parts of the will conform, the draughtsman used the word "or" instead of "and." In order to make the direction for the sale correspond with the first and devising clause, it is necessary to consider the word "or" as employed in a conjunctive and not a disjunctive sense.

As Chancellor Johnston said, the decisions on the subject of "transposing the words 'or' and 'and' are not uniform, and do not appear generally to be governed by principle. This is wrong. Where there is nothing in the will to raise a contrary persuasion, the safest as well as the justest course is to assume that testators intend their words to be taken in their common and natural sense. * * * But where there is something to be inferred from the context of the will, something to guide us in the nature of the right about which the particular clause under consideration treats, or where there is a clear general intention which a literal construction of the particular clause would contradict or defeat, it

would be not only unjust, but a gross violation of the true prin-
ciples of decision to disregard these indices of intention and exe-
cute the will literally according to its inaccurate terms.    This
would be little better than entrapping the testator by mere word
catching," &c.    See *Shands* v. *Rogers*, 7 *Rich. Eq.*, 425, and
authorities there cited.    We think there is in this will "a clear
general intention," which would be defeated by a literal construc-
tion of the last paragraph of the provision concerning the land.

   The judgment of this court is that the judgment of the Circuit
Court be affirmed.